UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 06-445-GWU


KEESHA SMITH,                                                      PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


**INTRODUCTION**

Keeshah Smith brought this action to obtain judicial review of an unfavorable

administrative decision on her applications for Disability Insurance Benefits (DIB)

and for Supplemental Security Income (SSI).  The case is before the Court on

cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?
      If yes, the claimant is not disabled.  If no, proceed to Step 2.
      See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical
      or mental impairment(s)? If yes, proceed to Step 3.  If no, the
      claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any
      impairment(s) significantly limiting the claimant's physical or
      mental ability to do basic work activities?  If yes, proceed to

1

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.   <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.   If no, proceed to Step 7.   <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.   20 C.F.R. Section 404.1529 (1991).   However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

06-445  Smith

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

06-445  Smith

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron

6

06-445  Smith

v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence

to support the Commissioner's decision may be produced through reliance on this

expert testimony only if the hypothetical question given to the expert accurately

portrays the plaintiff's physical and mental impairments.  Varley  v. Secretary of

Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Smith, a 22 year-old

former cashier and insurance clerk with a high school equivalent education, suffered

from impairments related to obesity, "sick sinus syndrome," being status post

pacemaker placement, hypothyroidism, an affective disorder, and an anxiety

disorder.  (Tr. 17, 21).  While the plaintiff was found to be unable to return to her

past relevant work, the ALJ determined that she retained the residual functional

capacity to perform a restricted range of light level work.  (Tr. 26-27).  Since the

available work was found to constitute a significant number of jobs in the national

economy, the claimant could not be considered totally disabled.  (Tr. 27).  The ALJ

based this decision, in large part, upon the testimony of a vocational expert.  (Tr.

26).

After review of the evidence presented, the undersigned concludes that the

administrative decision is supported by substantial evidence.  Therefore, the Court

must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Bill Ellis included

an exertional restriction to light level work along with such non-exertional limitations as (1) a need to avoid exposure to unprotected heights and hazardous equipment; (2) an inability to sit or stand each for more than four hours a day in intervals of 30 minutes; (3) a need to avoid the general public with only occasional interaction with supervisors and co-workers; and (4) an inability to perform work requiring more than simple, one or two step instructions in an object-focused work environment where changes were infrequent and gradually introduced in the work place.  (Tr. 499).  In response, the witness identified a significant number of jobs which could still be performed.  (Tr. 500).  Therefore, assuming that the vocational factors considered by Ellis fairly depicted Smith's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error.  No treating or examining source of record, including Dr. Indra Rastogi (Tr. 119-126), Dr. Aqeel Mandviwala (Tr. 127-130), Dr. Rajiv Srinivas (Tr. 147-149), Dr. Anis Chalhoub (Tr. 151-157, 225), the staff at Marymount Medical Center (Tr. 158-224, 320-325, 445-449), the staff at Baptist Regional Medical Center (Tr. 231-246), Dr. Steven Goldstein (Tr. 317), the staff at Central Baptist Hospital (Tr. 318), and Dr. Jorge Rodriguez (Tr. 388-428) reported the existence of more severe physical limitations than those found by the ALJ.  Dr. Timothy Gregg (Tr. 150) and Dr. Calixto Hernandez (Tr. 314), the non-examining medical advisors, each opined Smith did not suffer from a "severe" physical

06-445  Smith

impairment.  These  reports  provide  substantial  evidence  to  support  the administrative decision.

Substantial evidence also supports the ALJ's findings with regard to Smith's mental condition.  In evaluating the plaintiff's mental status, the ALJ relied primarily upon the opinion of Psychologist Edward Ross, a non-examining medical reviewer. (Tr. 23).  Ross indicated that the plaintiff would be "moderately" limited in (1) maintaining attention and concentration for extended time periods; (2) performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances; and (3) interacting appropriately with the general public.  (Tr. 296-297).  Despite these limitations, the reviewer specified in Section III of the assessment that the claimant would be able to understand simple work, complete activities within a schedule, tolerate co-workers in an object-focused job, and adapt to infrequent and gradually introduced changes in job routine.  (Tr. 298). Smith asserts that the ALJ erroneously omitted from the hypothetical question the factors relating to maintaining attention and concentration and completing activities within a schedule.  However, the Court notes Ross essentially undercut his finding with regard to completing tasks by his statements in Section III.  While the ALJ did not specifically include the limitation concerning attention and concentration, the extensive mental factors of the question essentially covered this factor as well. Therefore, the Court finds no reversible error.

06-445  Smith

The Court notes that Psychologist Crystal Sahner examined Smith and diagnosed a depressive disorder, an anxiety disorder, and post traumatic stress disorder.  (Tr. 230).  Sahner indicated that the plaintiff would have problems with stress and her ability to maintain attention would be variable.  (Id.).  The examiner rated the plaintiff's Global Assessment of Functioning (GAF) at 50, suggesting the existence of "serious" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  The ALJ rejected Sahner's opinion because he did not believe that it was well-supported, and instead relied upon the opinion of Ross.  (Tr. 23).  The plaintiff does not challenge this action.  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  Ross reported a number of reasons why he did not believe Sahner's opinion was well-supported.  (Tr. 298).  Therefore, the Court finds no error.

Smith was treated on several occasions at local hospitals for her mental problems.  In March of 2004, while at Baptist Regional Medical Center, Dr. Shahzad Shahmalak diagnosed   a major depression and rated her current GAF at 45, suggesting the existence of serious psychological symptoms.  (Tr. 366).  The GAF for the previous year was rated at 55 to 60, suggesting only "moderate" psychological symptoms compatible with the ALJ's findings.  (Id.).  In January of 2005, the claimant's GAF was rated at 60+, suggesting no more than mild to

10

06-445  Smith

moderate impairment.  (Tr. 373).  In August of 2005, Smith was seen at Central Baptist Hospital where her current GAF was rated at 45, again indicating serious impairment. (Tr. 382). However, the claimant was experiencing distress concerning the recent deaths of her sister and an aunt.  (Tr. 375).  Furthermore, her husband had recently given her marijuana in an attempt to calm her after the sister's funeral and it "drove her crazy."  (Id.).  Thus, this exacerbation of her mental problems would not necessarily indicate a permanently disabling condition.  None of these sources ever identified the existence of more severe mental limitations than those found by the ALJ.  Therefore, the ALJ dealt properly with Smith's mental condition.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 8th day of August, 2007.



**Signed By:**

_G. Wix Unthank_

**United States Senior Judge**

11